NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN E. JOHNSON and SANDRA C. JOHNSON<br><br>Plaintiffs,<br><br>vs.<br><br>METLIFE and ROBERT HENRIKSON,<br><br>Defendants. | Civil Action No.: 10-1038 (PGS)<br><br>MEMORANDUM AND ORDER<br><br>(CLOSED) |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court pursuant to plaintiffs Steven E. Johnson and Sandra C. Johnson's (collectively, "Plaintiffs") application to proceed without prepayment of fees. For the following reasons, Plaintiffs' application is denied, and their complaint is dismissed without prejudice.

I.     BACKGROUND

On February 28, 2010, Plaintiffs filed a complaint against MetLife and Robert C. Henrikson, MetLife's Chief Executive Officer (collectively, "Defendants").[1] The complaint does not enumerate

---

[1] To be precise, because the Plaintiffs are seeking to proceed without payment of fees, the Clerk marked the complaint "received," not "filed." LOCAL RULE 5.1(f), 54.3. Only after the Court either (a) grants Plaintiffs' application to proceed without payment of fees, or (b) Plaintiffs pay the filing fee, will the Clerk "file" the complaint.

1

any specific causes of action, but does sound in fraud. Plaintiffs allege that MetLife failed to disclose in advance its June 2008 acquisition of "First Horizon." (Compl. at 1.) Presumably, this is a reference to MetLife's June 4, 2008 acquisition of the residential mortgage origination and servicing business of First Tennessee Bank National Association, a subsidiary of First Horizon National Corporation.[2] (*Id.*) Plaintiffs also allege that Defendants approved of the back-dating of documents and wrongfully entered into a "unilateral contract" with First Horizon. (*Id.*) Missing, however, are any allegations that Plaintiffs own any MetLife or First Horizon securities or were personally harmed from Defendants' alleged wrongdoing.

## II. STANDARD OF REVIEW

Because Plaintiffs seek prepayment of fees pursuant to 28 U.S.C. §1915, before a responsive pleading is filed, the Court must consider whether it has jurisdiction over the case and whether Plaintiffs state a claim for which relief can be granted. Pursuant to 28 U.S.C. §1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." If a complaint is frivolous or fails to state a claim on which relief may be granted, dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Slinger v. New Jersey*, Civil Action No. 07-CV-5561 (DMC), 2008

---

[2] *See MetLife Bank to Acquire Selected Assets of First Tennessee Bank N.A.*, available at http://www.metlife.com/about/press-room/us-press-releases/2008/index.html?SCOPE=Metlife&MSHiC=65001&L=10&W=first%20horizon%20&Pre=%3CFONT%20STYLE%3D%22background%3A%23ffff00%22%3E&Post=%3C/FONT%3E&compID=492

WL 4126181, at *3 (D.N.J. Sept. 4, 2008).[3]

Pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations in the complaint and to view the facts in a light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. A court will not, however, accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949. The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### III. DISCUSSION

Read liberally, Plaintiffs complaint is a securities fraud action pursuant to Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act"). In order to assert a claim pursuant to Section 10(b), a plaintiff must satisfy six elements: "(1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases involving public securities markets

---

[3] "While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner in forma pauperis cases." *Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2009 WL 4906520, at *1 n.1 (M.D. Pa. Dec. 15, 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002)).

(fraud-on-the-market cases) as 'transaction causation'; (5) economic loss; and (6) 'loss causation,' i.e., a causal connection between the material misrepresentation and the loss." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 275 (3d Cir. 2006) (*quoting Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005)) (some internal quotations omitted).

At minimum, Plaintiffs fail to allege any purchase or sale of a security, reliance, economic loss, or loss causation. Accordingly, Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) and 28 U.S.C. §1915.[4]

### IV. CONCLUSION AND ORDER

For the foregoing reasons, it is ORDERED this 4th day March 2010 as follows:

1. Plaintiff's application to proceed without prepayment of fees is denied.

2. Plaintiff's complaint is dismissed without prejudice.

3. Plaintiffs may file an amended complaint addressing the aforementioned deficiencies within 30 days of entry of this memorandum and order.

*[signature]*

HON. PETER G. SHERIDAN, U.S.D.J.

---

[4] To the extent Plaintiffs are attempting to bring a derivative action, it is also dismissed for failure to allege ownership over an stock in MetLife. *See generally* 7C Fed. Prac. & Proc. Civ. § 1831 (3d ed.) (2009).